The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before former Deputy Commissioner W. Joey Barnes, and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence the Full Commission modifies the prior Opinion and Award, reopens the record for additional evidence and enters the following Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and on Industrial Commission Form 21 Agreement for compensation for disability, approved by the Commission on 14 May 1993, as:
STIPULATIONS
1. At the time of plaintiff's injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of plaintiff's injury by accident, an employer-employee relationship existed between plaintiff and defendant-employer.
3. American Manufacturers Mutual Insurance Company was the compensation carrier on the risk.
4. Plaintiff's' average weekly wage was $157.50, yielding a compensation rate of $105.01.
5. Plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer on 9 April 1993.
6. The parties stipulated into evidence that an Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, was approved by the Industrial Commission on 6 July 1993.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 9 April 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, when she slipped and fell and injured her back.
2. Defendants accepted liability and paid plaintiff temporary total disability compensation at the rate of $105.00 per week from 12 April 1993 to 16 May 1993.
3. As a result of her injury by accident on 9 April 1993, plaintiff has been seen and/or treated by Dr. William R. Griffin, Jr., an orthopedic surgeon, Dr. Stephen H. Sims, an orthopedic surgeon, and Dr. David DuPuy, an orthopedic surgeon.
4. On 13 May 1993, Dr. Griffin released plaintiff to return to work with a fifteen pound lifting restriction. Plaintiff was again seen by Dr. Griffin on 17 May 1993 and 20 May 1993, when Dr. Griffin increased her lifting restriction to twenty-five pounds. On 27 May 1993, Dr. Griffin increased plaintiff's lifting restriction to fifty pounds. On 18 June 1993, plaintiff was seen by Dr. Stephen H. Sims for a second opinion at her request. As of that date, Dr. Sims' impression was lumbar strain. Dr. Sims released plaintiff to return to work with a lifting restriction of no greater than thirty pounds.
5. On 12 July 1993, plaintiff returned to see Dr. Griffin with continuing complaints. Despite her complaints of continued pain, Dr. Griffin rated plaintiff as having sustained zero percent permanent partial impairment of her back.
6. On 19 July 1993, plaintiff was discharged from physical therapy.
7. On 27 August 1993, plaintiff returned to see Dr. Sims when her pain was such that she felt she was unable to continue to work. Dr. Sims' impression was continued lower back pain with probable symptom magnification.
8. On 13 May 1995, plaintiff was seen by Dr. David DuPuy, for an independent medical evaluation. Dr. DuPuy diagnosed chronic neck and back pain with no evidence of nerve root involvement and noted that x-rays of plaintiff's lumbar spine were completely normal. Dr. DuPuy opined that plaintiff was at maximum medical improvement with no evidence of any permanent partial impairment. Dr. DuPuy released plaintiff to return to work with no restrictions. Upon plaintiff's original release to return to work, defendant-employer made available to plaintiff light duty work in conformity with the restrictions assigned. Her light duty work involved making salads out of pre-cut materials, cutting bread and doing some light cleaning, such as wiping out a refrigerator. The light duty job did not require lifting and could be done in a seated position.
9. Plaintiff remained at that light duty job for only one and one-half to two hours before stating that she could not perform the duties. Defendant-employer offered plaintiff light duty work within her restrictions and plaintiff did not justifiably refuse the position offered within her capacity.
10. As a result of her injury by accident on 9 April 1993, plaintiff has reached maximum medical improvement, and plaintiff would not benefit from further participation in a pain management program.
11. Plaintiff, thirty-one year old female with a high school education, at the time of the hearing of this matter had not submitted any employment applications, made contact with any prospective employer or employment agencies, and had not otherwise sought employment. Any wage loss after 16 May 1993, was not causally related to plaintiff's injury by accident with defendant-employer on 9 April 1993.
12. As a result of her injury by accident on 9 April 1993, plaintiff sustained no permanent partial disability.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 9 April 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. 97-2(5).
2. If an injured employee refuses employment procured for him which is suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Commission such refusal is justified. N.C. Gen. Stat. 97-32.
3. In the opinion of the Commission, plaintiff's refusal to accept the employment procured for her by defendant-employer was not justified. Id.
4. Plaintiff's claim for further disability compensation under the North Carolina Workers' Compensation Act is DENIED so long as she continues to refuse to accept the employment. She is, however, entitled to medical compensation for medical treatment resulting from the compensable injury.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for further disability compensation must be, and the same is hereby, DENIED so long as she refuses to accept employment. She is, however, entitled to medical compensation for treatment necessitated by her compensable injury.
2. Each side shall bear its own costs.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER